WILLIAM A. BROWN, Jr., & others *vs.* MARKS TOBIAS.

Charges of fraud alleged against a debtor upon his application to take the poor debtors' oath may be signed and sworn to by one of several partners, in behalf of his firm.

The omission to allege in such charges that a fraudulent conveyance was made since the debt of the creditor was contracted, may be supplied by an amendment.

The omission to move in the superior court for the dismissal of an appeal from the judgment of the justices, on such charges, is a waiver of formal objections to the recognizance entered into by the creditor, on his appeal.

APPEAL from the judgment of the superior court, against the defendant, on charges of fraud filed against him under Rev. Sts. *c.* 98, upon his application to take the poor debtors' oath.   The facts are stated in the opinion.

*T. S. Dame,* for the appellee.

*J. D. Ball,* for the appellant.

MERRICK, J.   This case comes here by appeal from a judgment rendered against the defendant in the superior court.   He there moved that judgment be arrested and the case dismissed, because the allegation of the charges of fraud made against him were not signed and sworn to by all the plaintiffs; and were not sufficiently explicit, inasmuch as it was not therein set forth that the alleged fraudulent act was committed after the debt due to the plaintiffs was contracted.   And he denied that the magistrates, before whom his examination was conducted, had any

right or authority to allow the allegation to be amended. He still insists upon the same objections.

The statute requires that the charges of fraud in such cases shall be fully, plainly and formally set forth in writing, and shall be signed by the creditor, who shall make oath that he believes them to be true. This is made the foundation of all future proceedings against the debtor. But it further provides that, where charges are thus made, they shall be considered in the nature of a suit at law, and the court or justices who are to hear and determine the same, shall have like power with respect to amendments, and all other incidents of the suit, as justices of the peace or other courts have in civil actions. Rev. Sts. c. 98, §§ 27–30.

It appears from the record that the plaintiffs, William A. Brown, Jr., Ira P. Rankin and William B. Stevens, were merchants and partners, doing business under the name and firm of Wm. A. Brown, Jr., & Co.; that the allegations of false charges of fraud against the defendant were signed by them, by their partnership name, by William A. Brown, Jr.; and that he, in behalf of the firm, made oath that he believed that the charges were true. This we think was in that respect all that was required to be done to give jurisdiction to the justices of the peace, and to authorize the further proceedings allowed under the provisions of the statute. The creditor was first to sign the written charges, and make oath that he believed them true. William A. Brown, Jr., who did so sign and make oath, was himself a creditor, and so there was an actual conformity to the requirement, according to the literal terms and language of the statute upon the subject. But he not only signed and made oath to his belief in the truth of the charges, he also expressly declared thereby that he did this for and in behalf of all the members of the partnership; and, upon giving to all the provisions in the statute such a construction as will conform to the manifest purpose of the legislature in its enactment, it seems very clear that nothing further than this could have been, or was intended to be, required. The rights of the defendant were thus duly secured. No proceedings were permitted to be had against him

until the strict formalities required, even in public prosecutions for criminal offences, were observed; and he was in this manner fully protected from danger arising from exposure to rash and hasty proceedings on the part of an excited or irritated creditor. But in opposition to this conclusion, the defendant cites and relies upon the decision in the case of *Abbott* v. *Dexter*, 6 Cush. 108. The question there arose on an award of arbitrators, upon a submission under the provisions of the Rev. Sts. *c.* 114. And it was held that the award was void, because the submission was not acknowledged by all the parties to it. But the decision was made upon the peculiar phraseology of the statute. In the form of the subscription and of acknowledgment there given, it is very obvious that it was the intention of the legislature, that all persons who are parties to it should both sign and acknowledge it. Yet it is said by Fletcher, J., in giving the opinion of the court, "if John B. had acknowledged for Richard," who did not personally do so, "that would have presented a different case. It might have been good or might have been ratified by the acts of Richard afterwards." This authority therefore rather supports than opposes the conclusion, that by the signature and oath of William A. Brown, Jr., in behalf of the firm, to the charges of fraud, there was a sufficient and satisfactory compliance with the terms and requirements of the statute.

But it is further insisted, that the charges of fraud not having been, when originally filed, fully, plainly and formally set forth, there was in fact no legal allegation, charge or complaint against the defendant, and therefore that no amendment of the charges of fraud could be allowed. The alleged insufficiency consists in the omission of the averment, that the conveyance and disposal by the defendant of his stock of goods to Samuel Tobias, was made since the debt of the former to the plaintiff was contracted. It was set forth in the original charges in general terms, that the conveyance was made fraudulently and with intent to secure the conveyed property to the use of the vendor This, although it might be applied to a time anterior to the contraction of the debt, was equally applicable to, and consistent with, the assumption and assertion that it was subsequent

thereto. The amendment therefore which was allowed did not introduce the statement of any fact not embraced in the general terms of the original allegation, but only made the allegation more precise and definite, by charging that the fraudulent transfer of the stock of goods to Samuel Tobias was made after Marks contracted his debt to the plaintiffs. Such an amendment is clearly of a character which is within the authority given to courts in civil actions; and under that power the acting justices of the peace in this case were fully warranted in allowing it to be made. All the proceedings before them therefore appear to have been rightly conducted.

The defendant now further insists that the case was not properly before the superior court, and that that court could take no jurisdiction of it, because the plaintiffs did not duly recognize for the prosecution of their appeal from the judgment of the justices of the peace, the recognizance not having been entered into by all the plaintiffs, but only by W. A. Brown, Jr., with a surety. But no deficiency of this kind appears to have been suggested. Nor is it shown by the record or otherwise that such an objection was made in that court. The omission to move for the dismissal of the appeal on that account until after the rendition of the final judgment was a waiver of the objection, if he could ever have availed himself of it. *Simonds* v. *Parker*, 1 Met. 508. *Cook* v. *Montague*, 1 Gray, 446. *Tolland* v. *County Commissioners*, 13 Gray, 12.                  *Exceptions overruled.*